UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL GROVES, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:08-CV-466 PS |
| vs. | ) |
| | ) |
| LUCAS BATTANI, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Daniel Groves, Sr. brought this untimely civil suit in an effort to re-litigate issues that have been fully resolved in his federal criminal case. After a two day jury trial on November 22-23, 2004, Groves was convicted of two counts of unlawfully transporting firearms in violation of 18 U.S.C. § 922(g)(1). *See United States v. Groves*, 3:04-CR-076 (N.D. Ind. filed Aug. 13, 2004). Count 1 charged possession of a shotgun by a convicted felon and Count 2 charged possession of ammunition by a convicted felon. On direct appeal, the Seventh Circuit reversed Count 1 and remanded the case to make factual findings about the suppression of evidence on Count 2. *See United States v. Groves*, 470 F. 3d 311 (7th Cir. 2006). On remand, the court found that the search of Grove's apartment was lawfully consented to by his girlfriend. The motion to suppress was therefore denied and he was sentenced to 33 months imprisonment. Groves appealed that decision. In a detailed opinion, the Seventh Circuit affirmed after thoroughly reviewing both the authority and voluntariness of the consent given by his girlfriend for the search his apartment. *See United States v. Groves*, 530 F. 3d 506 (7th Cir. 2008).

Now he brings this civil suit against four defendants: his former neighbor, two police officers, and an Assistant United States Attorney. Pursuant to 28 U.S.C. § 1915A, the Court

must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Here, there are several reasons why these claims are meritless.

First, they are untimely. The applicable statute of limitations is the two-year period found in IND. CODE § 34-11-2-4. *See Wilson v. Garcia*, 471 U.S. 261 (1985); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("*Wallace v. Kato*, 549 U.S. 384 (2007) holds that *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] does not affect litigation about police conduct in the investigation of a crime. . . ."); *Campbell v. Chappelow*, 95 F.3d 576, 580 (7th Cir. 1996). All of these events occurred in 2004, but the complaint was not filed until roughly four years later in 2008. So they are time barred.

Nevertheless, even if these claims were timely, they would not state a claim. Groves alleges that his former neighbor testified that he saw him with a shotgun and that testimony resulted in his being incarcerated for 33 months.[1] He also alleges that Cpl. James Taylor falsely testified that he found shotgun shells on his doorstep.[2] He argues that this is perjury. Without regard to the nature of the testimony or its consequences, the testimony of a witness is protected

---

[1] It is not true that Groves served 33 months for possessing a shotgun. Count 1, which charged him with possession of a shotgun, was reversed by the Seventh Circuit. Originally Groves was sentenced to 41 months on both counts, but on re-sentencing he received 33 months only on Count 2 which is related to the possession of ammunition found during the search of his apartment.

[2] These shotgun shells were not the basis of Count 2. The ammunition that was the basis of Count 2 was five .22 caliber bullets found during the search of his apartment.

2

by absolute witness immunity.  *See Briscoe v. LaHue*, 460 U.S. 325 (1983); *House v. Belford*, 956 F.2d 711, 720-21 (7th Cir. 1992).

Groves alleges that Agent Lucas Battani illegally searched his apartment.  This issue has been fully litigated in his criminal case and the Seventh Circuit has affirmed the denial of the motion to suppress because Grove's girlfriend had the authority to consent to search the apartment and she voluntarily gave her consent.  In *Allen v. McCurry*, 449 U.S. 90 (1980), the United States Supreme Court held that *res judicata* prevents a criminal defendant from re-litigating his Fourth Amendment claims in a civil suit once he has done so and lost in his criminal case.

Finally, Groves closes by noting that Assistant United States Attorney Donald Schmid was involved in prosecuting him on the criminal charges.  Even if the statute of limitations and *res judicata* were not enough to dismiss this claim, prosecutors are immune from a civil suit for damages based upon their presentation of the government's case.  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

Because this complaint does not state a claim, it is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**SO ORDERED**.

ENTERED: October 20, 2008

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT